THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLEVELAND BOLES, Defendant-Appellant.

Second District    No. 76-230

Opinion filed September 23, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James E. Hinterlong and Phyllis J. Perko, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant-appellant, Cleveland Boles, was convicted of battery after a bench trial in the circuit court of Winnebago County and was sentenced to serve 363 days imprisonment. On appeal he raises one issue: Whether the trial judge abused his discretion by refusing to permit a defense witness to testify because he was present in the courtroom in violation of an exclusion order.

The complaining witness, Bobbi Ann Anderson, testified that she was at home with her brother, Bernard, and her baby, babysitting with the children of her neighbor, Delores Simmons. There was a knock at the door and she inquired as to who it was. A voice responded, "Cleveland." She then got a knife out, "because I knowed he was going to break in." The defendant kicked open the door which had been locked, pulled off his coat and picked up a chair with iron legs with which he proceeded to strike her. She ran down the hall and into Delores Simmons' apartment pursued by the defendant, who continued to beat her until he heard the police coming. Bobbi Ann admitted stabbing the defendant after she had been struck and testified that the defendant stabbed her in the hand. On cross-examination, Bobbi Ann testified that she had previously lived with the defendant and that he was the father of her child, but that they had not lived together for a year and a half.

Delores Simmons testified that she had taken her children over to Bobbi Ann's apartment and then heard the children and Bobbi Ann calling for her. She saw her children in the hallway and saw the defendant pursue Bobbi Ann into the Simmons' apartment. The defendant knocked over one of Delores' children and continued to strike Bobbi Ann with the chair. Delores' boyfriend got the chair away from the defendant who then began to strike Bobbi Ann with his hand. Bernard Anderson, Bobbi Ann's brother, testified to substantially the same facts as his sister and Delores Simmons.

The defendant testified that he had spent the night previous to the incident at Bobbi Ann's apartment; that he had left about 8 a.m. and had returned by 8 o'clock that night; that he had knocked at the door and

Bernard let him in; that Bobbi Ann asked him where he had been and he told her he had been at the pool hall. She then called him a liar and started at him with a knife and stabbed him in the arm four or five times. According to the defendant, Bobbi Ann was angry as one of her girl friends had told her the defendant had been talking to some other girl. The defendant admitted striking Bobbi Ann to get her away from him but stated that she had stabbed him first, and that she continued to stab at him. He denied hitting anyone with a chair.

After the defendant testified, defense counsel called the defendant's brother, Donald Boles, to the witness stand. The assistant state's attorney objected on the ground that the witness had been in the courtroom during the testimony of the defendant. Defense counsel indicated that he had not known that Donald Boles was in the courtroom and had not even spoken with him. The court observed that it had granted a motion to exclude witnesses and that the court had been informed that there were no witnesses in the courtroom; the assistant state's attorney persisted in his objection, and then the court refused to permit Donald Boles to testify stating that the motion was made for a purpose and had meaning. The defendant had no other witnesses, and thereupon the court found the defendant guilty.

First, it is appropriate to deal with the defendant's contention that the State had no basis to object to Donald Boles' testimony because the record did not reveal any motion to exclude witnesses. An examination of the record does not reveal such a motion by either side; however, such a motion generally is made at the beginning of the case and the trial court stated that a court reporter was not present at the beginning of the trial and that the first witness had been sworn before the reporter came in and, secondly, we note that at the time the State made its objection to Donald Boles' testimony the defense counsel responded by stating he didn't know that the witness was in the courtroom and that he believed the witness had been in the custody of the sheriff; defendant's attorney did not take the position that no motion to exclude had been made or granted. These facts coupled with the court's statement that the motion had been made and granted disposes of the defendant's contention that the State's objection to the excluded testimony had no basis in the record.

■■ Next we examine the defendant's contention that the trial court denied the defendant the constitutional right to present witnesses in his behalf. (U.S. Const., amend. VI; Ill. Const., art. I, §8.) Exclusion of witnesses from the courtroom during trial is a time honored practice designed to preclude one witness from shaping his testimony to confirm or otherwise meet the evidence previously introduced. (*People v. Johnson* (1977), 47 Ill. App. 3d 362, 369, 362 N.E.2d 701, 706.) It is well settled in this State that it is within the sound discretion of the trial court to

permit a witness to testify who has violated an order excluding witnesses and that the exercise of this discretion will not be disturbed on review unless it is made to appear that the party offering the witness has been deprived of material testimony without his fault. (*People v. Bridgeforth* (1972), 51 Ill. 2d 52, 63, 281 N.E.2d 617, 623; *People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840.) Thus, the trial court's discretion is measured by a two step test, namely, the testimony sought to be presented must be material to the case, and the defendant must not have been at fault in the violation of the order excluding the witnesses.

From the record it appears that the presence of Donald Boles in the courtroom was inadvertent; he had been in another courtroom and had entered the courtroom where his brother was being tried without any knowledge of the exclusion order. Furthermore, defendant's counsel was unaware of his presence in the courtroom. Accordingly, it appears that the defendant was not at fault in the disobedience of the order.

We next consider the materiality of the testimony of this witness. On appeal, defendant contends that his credibility was directly in issue and if his version of the event had been believed he would have been found innocent. The defendant argues that the testimony of Donald Boles would have corroborated the defendant's truthfulness and that its exclusion denied him the opportunity to thus establish his credibility.

■■ An offer of proof as to what the excluded testimony would have been is ordinarily required to preserve the issue for review. (*People v. Johnson*.) Nevertheless, if the purpose and materiality of the evidence sought is clear or if it is evident from the attitude of the trial court that such offer will be of no avail, an offer of proof has been held unnecessary. (*People v. Johnson*.) Nothing was offered in the trial court as to the content of the testimony of Donald Boles or the purpose of his testimony. Therefore, we are not able to determine its materiality; however, on this appeal, defendant's counsel asserts that Donald Boles would have testified that the defendant and Bobbi Ann were living together and that he would have given evidence as to Bobbi Ann's motive to stab the defendant.

■■ Assuming that Donald Boles would have testified as the defendant now contends on this appeal, we do not find that the exclusion of this evidence was so prejudicial to the defendant as to require reversal. In *People v. Bridgeforth*, the defendant and Willie Davis were being tried for arson. Davis' sister, Ella Fisher, testified for the State that she had seen both men at the scene of the fire. The trial court refused to permit the defendants to call Maggie Davis, the mother of Willie and Ella, because she had violated the court's order excluding witnesses. While there had been no offer of proof as to the contents of the excluded witness' testimony, the defendants asserted on appeal that Maggie Davis would

have testified that Ella Fisher told her that she had lied about seeing the defendants at the fire. On appeal, the court found that the record amply demonstrated the hostility of Ella Fisher toward the defendant; that there was no dispute that Ella was the sister and Maggie Davis the mother of the defendant Davis; and that the cross-examination of Ella Fisher conveyed to the jury the unreliability of her testimony. Accordingly, the supreme court held that the trial court's refusal to permit the witness to testify did not require reversal.

The case at hand is far different from *People v. Johnson* in which identification was the crucial issue. The excluded witness would have corroborated testimony of the clothing worn by Johnson on the night of the crime. The witness was an attorney and was not acquainted with the defendant, while all the other defense witnesses were acquaintances of the defendant and, as the case involved an assault by a black man on a white man, the fact that the witness was white, while the other defense witnesses were black might have established credibility for the defendant's case.

We have also considered *Braswell v. Wainwright* (5th Cir. 1972), 463 F.2d 1148, where the court held that a State procedural rule requiring the exclusion of a witness who has remained in the courtroom in violation of a sequestration order must yield to a defendant's fundamental constitutional right to call witnesses on his behalf. In that case, the court found that the witness had been arbitrarily excluded upon no other basis other than the violation of the rule.

In this case, we hold that the trial court did not abuse its discretion in refusing to permit defendant's brother to testify; the judgment is affirmed.

Affirmed.

NASH and BOYLE, JJ., concur.